ST. LOUIS, A. & T. R'Y CO. v. JOHN W. ROBBINS.

(No. 3323.)

APPEAL from Smith County. Opinion by WILLSON, J.

FINLEY, MARSH & BUTLER, counsel for appellant.

WHITTAKER & BONNER, counsel for appellee.

§ 43. *Bill of lading; stipulation in limiting liability of carrier held invalid; Railroad Co. v. Caldwell, 3 Civil Cas. Ct. App., sec. 439, overruled.* Appellee recovered of appellant a judgment for $294.20, damages for the loss of a bull shipped by him over appellant's line of railway from Madison, Tenn., to Tyler, Tex. In the contract of shipment it was stipulated that, in the event

of damage to the bull, appellee would not hold appellant liable for more than $30 damages. Appellant pleaded and insisted upon this stipulation, but it was disregarded in the judgment rendered.

This court has held heretofore that such a stipulation in such a contract was valid, and binding upon the shipper, and that he could not recover more than the amount fixed thereby. We so held upon the authority of the supreme court of the United States in Hart v. Railroad Co., 112 U. S. 331, 5 Sup. Ct. Rep. 151, and other decisions cited in our opinion in the case of Railroad Co. v. Caldwell, 3 Civil Cas. Ct. App., § 439. We remarked in that opinion that the question had not been adjudicated by the courts of last resort in this state, but that we believed the weight of authority was that such a stipulation controlled the measure of damage, even where the damage results from the negligence of the carrier. Our supreme court, at its present term at this place, in the case of Railroad Co. v. Maddox, 75 Tex. 300, determined the precise question involved in the Caldwell case, *supra*, and in this case, and held contrary to the doctrine held by us in the Caldwell case; that is, they hold that such a stipulation in such a contract is not valid, and binding on the shipper, and does not control the measure of his damage, but that he may recover the damages to which he may show himself entitled under the measure of damages fixed by law. We regard the decision in the Maddox case as applicable to the question as presented in this case, and as in direct conflict with our decision in the Caldwell case. As it is desirable that the decisions of our courts of last resort should harmonize, and as the question upon which this conflict has occurred is one which has been but once passed upon by this court, we will overrule our opinion in the Caldwell case, and follow the decision of our supreme court in the Maddox case.

December 14, 1889.              Affirmed.